## Case No. 1,696a.

### BOULIGNEY et al. v. UNITED STATES.

[1 La. Law J. 184.]

District Court, D. Louisiana. June 8, 1876.

PUBLIC LANDS—FRENCH GRANTS—SALE BY SPAIN —INDEMNITY.

[Act June 22, 1860 (12 Stat. 85), provides for the confirmation of grants of land made by a foreign government in Louisiana prior to the cession of the territory to the United States, and in section 6 declared that, when land so granted has been sold by the United States prior to the confirmation of the grant, the person entitled may enter a like quantity on any of the public lands of the United States. Petitioners held a complete and valid grant from the French government of Louisiana to certain lands therein, and the succeeding Spanish government made grants of land within the limits of this grant, both being prior to the cession of Louisiana to the United States. *Held* that, although these Spanish grants have been confirmed by the United States, the French grantees are not entitled to indemnity for the land so diverted from them, for the liability of the United States to indemnify them extends only to the case of lands sold by itself.]

[This was a petition filed by Charles Bouligney and others against the United States to adjust petitioners' claim to certain land in the state of Louisiana, which they claimed by virtue of a grant from the late French government of that territory. The petition was filed under Act June 22, 1860, which provides for the adjustment and confirmation of claims growing out of grants of land in Florida, Louisiana, or Missouri, emanating from a foreign government, and bearing date prior to the cession of the territory out of which those states were formed to the United States. Section 6 of the act, referred to in the opinion, provides that "whenever it shall appear that the lands claimed, and the title to which may be confirmed, under the provisions of this act, have been sold, in whole or in part, to the United States prior to such confirmation, * * * the party in whose favor the title is confirmed shall have the right to enter upon any of the public lands of the United States a quantity of land equal in extent to that sold by the government." Petition granted in part, and denied in part.]

Albert C. Janin, for plaintiffs.

J. R. Beckwith, Dist. Atty., and J. W. Gurley, Asst. Dist. Atty., for the United States.

BILLINGS, District Judge. This case having been submitted upon the pleadings, evidence, and briefs, and the court having carefully considered the demand of the petitioners, and it appearing from the evidence that the grant made on the second of March, 1765, by the French government of the province of Louisiana, to Messrs. Dauterive and Masse, is a complete and valid grant, embracing 212,255 and 99-100 acres, of which 1295 and 57-100 acres are now vacant lands, and that subsequently to the date of said grant from the French authorities, the Span-

ish authorities in the province of Louisiana made to other persons complete grants within the limits of said grant of 1765 to the extent of 27,056 and 44-100 acres, and various incomplete grants to the extent of 48,146 and 47-100 acres. which have since been confirmed by the United States government, and the court being of the opinion that the act of congress of June 22, 1860, under which this suit is prosecuted, does not contemplate the allowance of an indemnity by the United States for the lands thus granted by way of complete and incomplete grants before the acquisition of the province of Louisiana by the United States, but that said act does provide for an indemnity for such lands embraced within valid ancient grants as the United States have sold or otherwise disposed of:

It is ordered, adjudged and decreed that the heirs and legal representatives of Jean Antoine Bernard Dauterive, to wit (here the names of the heirs and legal representatives are inserted in the decision), recover from the United States, through the general land office, certificates of location, or land scrip, to the extent and amount of 135,757 and 51-100 acres, to be located upon any of the public lands of the United States, subject to private entry, at $1.25 the acre, according to the provision of the sixth section of the aforesaid act of congress of June 22, 1860. And it is further ordered, adjudged and decreed that the said plaintiffs recover from the United States patents for the following described tracts of land, situated in the southwestern district of Louisiana, to wit (here the tracts of land are enumerated in the decision), that is to say, for 1,295 and 57-100 acres of the aforesaid grant of March 2d, 1765, which are vacant and undisposed of.